# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stanley Kulawik
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion Number O-4263
Re: Can sinking funds of road
districts accumulated to
pay bonds be used for the
purpose of acquiring
rights-of-way?

We acknowledge receipt of your opinion request of December 13th, and quote from your letter as follows:

"This county has recently been requested by the State Highway Department, to acquire considerable right-of-way to widen and eliminate curves on Highway 29 and 81 in this county just as soon as possible, for reason that said highways have been declared and designated as strategic National Defense Highways, and apparently there is a desire to push this work. There are no funds available in the county to care for the cost of said rights-of-way, and apparently the only thing the county could do would be to call a bond election in said road districts for a sufficient amount to cover the rights-of-way, and from all indications the likelihood is that said bond election would be defeated.

"The two rights-of-way asked for lie in two separate road districts which were created years back, and for which a bond election was held, and which said bonds have been assumed by the State Highway Department, and in one district the bonds are being participated in by the State on a 100 per cent basis, and the other on a 87.87 per cent

basis, and because of the increased partici-
pation each year by the gas tax in said bonds
being above the anticipation by the Commission-
ers' Court, apparently a sinking fund has ac-
cumulated in both of said road districts amount-
ing to some $12,000 or $15,000, and which said
sinking fund will not be needed at all for the
purpose for which it was voted.

"It is very desirable on the part of this
county at this time especially, because of the
emergency, and the necessity for quick action
in securing these rights-of-way, to use this
surplus sinking fund in these two road districts
if it can legally be done, to acquire rights-of-
way in the same road districts in which said sink-
ing funds have accumulated."

Section 52, of Article 3 of the Constitution of Texas,
provides that road districts may vote bonds for the purpose
of "the construction, maintenance, and operation of macada-
mized, graveled or paved roads and turnpikes, or in aid there-
of".

Article 752k, Revised Civil Statutes, provides that
when the bonds are issued, the Commissioners' Court shall
levy an ad valorem tax sufficient to pay the interest on such
bonds, and to provide a sinking fund to pay the bonds at
maturity.

Article 752n, Revised Civil Statutes, provides that
the Tax Collector shall collect said taxes and pay same to
the County Treasurer. Article 752o, Revised Civil Statutes,
provides that the County Treasurer is the custodian of the
funds and shall promptly pay the interest and principal as
it becomes due on the bonds out of the funds collected from
said taxes.

Article 839, Revised Civil Statutes, provides that
the County Treasurer shall not honor or pay any draft upon
the interest and sinking fund provided for the payment of
the bonds, except for the purpose of paying the interest on
such bonds, or redeeming same, or for investment in securi-
ties as provided by law.

Honorable Stanley Kulawik, page #3

In view of the foregoing we see that the County Treasurer shall not honor or pay any draft upon the interest and sinking fund provided for the payment of bonds, except for the purpose of paying the principal and interest on such bonds, or for investment in securities as provided by law.

It, therefore, follows that a road district does not have the authority to acquire rights-of-way with money accumulated in the interest and sinking fund for the payment of bonds.

We further call your attention to Article 6674q, Vernon's Annotated Civil Statutes, the Act authorizing State assumption of County and Road District Highway Bonds. Section 8 of this article provides, in part, as follows:

"* * * It is hereby declared that all eligible indebtedness, as herein defined, shall remain indebtedness of the respective counties or defined road districts which issued it, and said counties or defined road districts shall remain liable on said indebtedness according to its terms and tenor; and it is not the purpose or intention of this Act, or any part thereof, to obligate the State of Texas, directly or indirectly or contingently, for the payment of any such obligations or that the State of Texas should assume the payment of said obligations, and this Act is not to be construed as obligating the State of Texas to the holders of any of said obligations to make any payment of the same, or any part thereof, nor shall such holders have any rights to enforce the appropriation of any of the moneys hereinabove provided for, nor shall any provision hereof constitute a contract on the part of the State to make money available to any county for the construction of additional lateral roads. * * * "

The funds made available under this Act must be appropriated by the Legislature every two years. It is not certain that the Legislature will make said appropriation.

Honorable Stanley Kulawik, page #4

Therefore, the sinking funds must be kept intact until the outstanding bonds are paid.

Trusting that this answers your question, we are

APPROVED JAN 8 1942

FIRST ASSISTANT
ATTORNEY GENERAL

COB-s

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
                        Assistant

